**Gurmit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71358.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security San Francisco, CA, James A. Hunolt, Esq., Carol Federighi, Esq., Kristin K. Edison, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Kenneth A. Blanco, U.S. Department of Justice, Sarah L. Weyler, Esq., U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Gurmit Singh, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals. The Board dismissed Singh's appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Board cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's oral decision. "[W]e review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We review whether the IJ's conclusion that an applicant is ineligible for relief is supported by substantial evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006). We will grant the petition only if the evidence compels a contrary conclusion. *Id.*

Substantial evidence supports the IJ's conclusion that the government rebutted Singh's well-founded fear of future persecution by presenting evidence of changed country conditions in India. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). The IJ's analysis of how overall changed country conditions affected Singh's specific situation was sufficiently individualized to sustain his ruling. *Id.* at 998–99.

Because Singh is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's claim for CAT relief also fails. He has not shown that it is more likely than not that he will be tortured if he returns to India. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.